UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

GESER ABIMAEL LEIVA GARCIA,

                  Petitioner,                   **MEMORANDUM & ORDER**
                                                26-CV-1508 (EK)

            -against-

CHRISTOPHER SHANAHAN, New York Field
Office Director, U.S. Immigration and
Customs Enforcement, et al.,

                  Respondents.

--------------------------------------x
ERIC KOMITEE, United States District Judge:

        Geser Abimael Leiva Garcia petitioned for a writ of
habeas corpus pursuant to 28 U.S.C. § 2241.  He argued initially
that he had been wrongfully detained pursuant to 8 U.S.C.
§ 1225(b)(2)(A) and, accordingly, had been denied the bond
hearing to which he was entitled under 8 U.S.C. § 1226(a).
Petition, ECF No. 1.  On March 15, this Court directed the
government to afford petitioner a bond hearing by March 27 or
otherwise release him.  On March 27, petitioner was given a bond
hearing.  *See* Order of Immigration Judge 1, ECF No. 11-
1.  The Immigration Judge ("IJ") denied bond, concluding that
petitioner had presented "no evidence" in support of his
application.  *See id.*

        Petitioner then filed a letter arguing that despite
the IJ's determination, he was entitled to release because he

had been arrested in violation of the Fourth Amendment.  He also argued that the bond hearing he received was deficient because the IJ placed the burden on the petitioner rather than the government.  The Court construed his submission as a request to amend the initial petition, and granted it.  Petitioner then filed a brief in support of only his Fourth Amendment claim.  The government filed an opposition.  For the reasons set forth below, petitioner's request for further relief is denied.

## I.    Background

When a petitioner challenges his detention in a habeas petition and material facts are disputed, the district court must determine whether to hold a hearing.  *U.S. ex rel. Holes v. Mancusi*, 423 F.2d 1137, 1141 (2d Cir. 1970); *see Palma v. Arteta*, No. 25-CV-9340, 2026 WL 697015, at *3 (S.D.N.Y. Mar. 12, 2026).  The parties here, however, do not dispute the material facts set forth in the declaration of U.S. Immigration and Customs Enforcement ("ICE") Officer Michael Charles and its supporting exhibits.  Decl. of Michael Charles dated March 24, 2026, ECF No. 5-1 ("Charles Decl."); *see* Form I-213 Record of Deportable or Inadmissible Alien, ECF No. 5-1 ("Form I-213").  The Court thus credits Officer Charles' declaration, and draws the following facts from it.  *See Chang v. United States*, 250 F.3d 79, 85 (2d Cir. 2001).

In September 2025, petitioner — a citizen of Honduras

2

— was paroled into the United States in Atlanta.  Charles Decl. ¶¶ 3, 4.  On February 27, 2026, "ICE officers encountered petitioner while conducting a vehicle stop during a targeted enforcement operation" in Freeport, New York.  *Id.* ¶ 6.  After requesting petitioner's identification card and determining that he lacked lawful status, Form I-213 at 2, the officers arrested petitioner pursuant to a Form I-200, Warrant for Arrest of Alien.  Charles Decl. ¶ 6.

That same day, the Department of Homeland Security ("DHS") served petitioner with a Form I-862 — Notice to Appear ("NTA") before an IJ, and charged petitioner as an alien present in the United States without lawful basis.  *Id.; see* 8 U.S.C. § 1182(a)(7)(A)(i)(1) ("[A]ny immigrant at time of application for admission who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document . . . is inadmissible.").  Also on February 27, ICE filed the NTA with the Department of Justice's Executive Office for Immigration Review, thereby commencing removal proceedings against petitioner.  Charles Decl. ¶ 8; *see Ajlani v. Chertoff*, 545 F.3d 229, 232 (2d Cir. 2008).  Petitioner is currently detained at the Metropolitan Detention Center in Brooklyn.

Petitioner argues that the officers violated his Fourth Amendment rights when they arrested him because he was

not the intended target of the enforcement operation and they lacked probable cause to arrest him.  Petitioner Br. 4, ECF No. 11.  The government argues that no Fourth Amendment violation occurred because the officers arrested petitioner only after confirming that he lacked lawful status.  Gov. Opp'n 4, ECF No. 13; *see* 8 U.S.C. § 1357(a)(2) (ICE officers "have power without warrant . . . to arrest any alien in the United States if [they have] reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest. . . .").

Because the Fourth Amendment does not support the remedy that petitioner seeks, and for the reasons that follow, the amended petition is denied.

## II.  Discussion

### A.  Petitioner's Fourth Amendment Claim Is Not Properly Raised In A Habeas Corpus Petition

"Federal courts must determine that they have jurisdiction before proceeding to the merits."  *Lance v. Coffman*, 549 U.S. 437, 439, (2007).[1]  Under 28 U.S.C. § 2241(c)(3), federal courts have jurisdiction to "grant a writ of habeas corpus whenever a petitioner is in custody in

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

violation of the Constitution or laws or treaties of the United States." *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003). In contrast, federal courts lack jurisdiction to review the "discretionary judgment" by the Attorney General to detain a non-citizen pending removal. *See* 8 U.S.C. § 1226(e). Because petitioner challenges his detention solely on constitutional grounds, the Court has jurisdiction. *See Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020).

We need not reach the merits, however, because petitioner's Fourth Amendment challenge is not a basis for the grant of a writ of habeas corpus. Petitioner cites no authority for his contention that a Fourth Amendment violation (if one occurred) would entitle him to release. And the substantial weight of authority is to the contrary. When removal proceedings have promptly begun post arrest — as they have in this case — and a petitioner has received a hearing at which to contest detention, he cannot then seek release in habeas based on a Fourth Amendment claim.

The Seventh Circuit addressed this issue in *Arias v. Rogers*, 676 F.2d 1139, 1144 (7th Cir. 1982). After petitioners were arrested in that case, removal proceedings "were instituted within 24 hours." *Id.* at 1141. Petitioners then argued that they were entitled to release in a habeas proceeding because their arrests violated the Fourth Amendment. *Id.* Assuming

without deciding that the arrests were unlawful, the court held that "once deportation proceedings have begun[,] the legality of the alien's detention" — based on an unlawful arrest claim — "can no longer be tested by way of a habeas corpus proceeding." *Id.* The Court limited its holding to cases in which deportation proceedings were "begun with reasonable promptness after the alien's arrest." *Id.* at 1143-44. In such a case, petitioners could "avail themselves of" certain "administrative remedies" before the IJ, including contesting their detention. *See id.* at 1143. Thus, "[f]rom the moment the petitioners were able to pursue [these remedies], their detention was no longer so lawless as to allow a judge to free them under the habeas corpus statute." *Id.* at 1144.

Two years after *Arias*, the Supreme Court held that the exclusionary rule does not, generally speaking, apply in civil deportation hearings. *INS v. Lopez-Mendoza*, 468 U.S. 1032 (1984). The Court observed that the "purpose of deportation is not to punish past transgressions but rather to put an end to a continuing violation of the immigration laws," and listed a number of constitutional rights that apply only in modified form — or not at all — in deportation proceedings. *Id.* at 1039. The Court went on to opine that the Board of Immigration Appeals had "correctly ruled that the mere fact of an illegal arrest has no

bearing on a subsequent deportation proceeding." *Id.* at 1040.[2] This holding carries obvious relevance here, even if it arose outside the precise context of release pending deportation.

One district court recently denied a habeas petition in the same posture as this case. In *Cortez Benavides v. Raycraft*, the petitioner invoked Section 2241, "challenging the legality of her arrest." No. 26-CV-652, slip op. at 2 (W.D. Mich. Apr. 10, 2026). Ms. Cortez Benavides had received a bond hearing pursuant to Section 1226, as Mr. Leiva Garcia has. *Id.; see* Order of Immigration Judge 1. Citing *Arias*, *supra*, and other authority, the *Cortez* court held that it "need not address the substantive issue of whether Petitioner's Fourth Amendment rights were violated [in connection with her arrest] because even if they were, she is not entitled to habeas relief on that basis." *Cortez Benavides*, slip op. at 3.

This precedent persuasively forecloses the relief that petitioner seeks here. On the same day as his arrest, the government began removal proceedings against him. Charles Decl.

---

[2] The *Lopez-Mendoza* plurality did note some potential limits on this holding, including that it would not apply in cases of "egregious violations of Fourth Amendment or other liberties that might transgress notions of fundamental fairness and undermine the probative value of the evidence obtained." *Id.* at 1050-51. The Second Circuit first applied this limitation in *Almeida-Amaral v. Gonzales*, 461 F.3d 231, 234 (2d Cir. 2006), and declined to suppress the evidence at issue. Years later, the Second Circuit still had "never found a violation sufficiently severe, and therefore egregious, to require suppression in a removal hearing." *Cotzojay v. Holder*, 725 F.3d 172, 180 (2d Cir. 2013). Moreover, even if suppression were to occur, when an alien "concedes facts supporting his removability," such facts are independently admissible even if the detainee can establish an "egregious" violation. *Vanegas-Ramirez v. Holder*, 768 F.3d 226, 230 (2d Cir. 2014).

¶ 6.  While petitioner was initially denied a hearing to determine his eligibility for bond, he promptly filed a writ in this Court requesting such a hearing, won that relief, and got that hearing.  Thus, his petition for habeas relief must be denied.  *See Arias*, 676 F.2d at 1143-44.

**B.    Request For An Additional Bond Hearing**

In his brief, petitioner also complains that he has not received a "constitutionally adequate bond hearing." Petitioner's Br. 8.  He sets forth no argument in support of that claim, however; thus, this argument is waived.  *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023).  Still, we briefly address the flaws in his claim.

Following petitioner's bond hearing, he submitted a letter in which he argued that the IJ improperly "denied bond without requiring the Government to meet a constitutionally adequate burden of proof."  *See* Ltr. in Further Supp. of Habeas Petition 1, ECF No. 9.  But petitioner misstates the applicable standard.

The regulations that implement Section 1226 of the INA set forth what a noncitizen must establish at an initial bond determination. 8 C.F.R. § 236.1(c)(8).  The noncitizen "must demonstrate to the satisfaction of the [IJ] that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding.  Such an

[IJ] may also, in the exercise of discretion, release" the noncitizen if warranted. *Id.; accord Velasco Lopez*, 978 F.3d at 850. The IJ here denied bond after determining that petitioner had not met his burden. Immigration Judge Order 1.

Petitioner's contention that the IJ improperly placed the burden on the government thus fails.[3] His remaining arguments are also rejected.[4]

---

[3] Petitioner has not argued that his detention has been sufficiently prolonged such that he is entitled to a burden-shifted bond hearing under *Zadvydas v. Davis*, 533 U.S. 678, 695 (2001). Such an argument would be premature at this juncture: the "presumptive limit to reasonable duration of detention" is six months, *id.*, and petitioner has been detained for approximately three. Charles Decl. ¶ 6.

[4] In a new letter submitted on June 5, petitioner makes two contentions — first, that the government's submission of June 2 supports his assertion that a Fourth Amendment violation occurred. *See* Petitioner's Ltr. in Response 1, ECF No. 16. For the reasons stated above, that issue is immaterial to the outcome. Second, petitioner claims that he may be entitled to relief issued by a district court sitting in the Central District of California. *Id.* at 4. If that is the case, he should petition that court for any appropriate relief.

## III. Conclusion

In light of the foregoing, petitioner's request for further relief from this Court must be denied.  The Clerk of Court is respectfully directed to close the case.

SO ORDERED.


    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge


Dated:    June 6, 2026
          Brooklyn, New York